| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form | FEPA | |
| | X EEOC | |
| | | and EEOC |
| State or local Agency, if any | | S.S. No. |

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Bonita Wester | c/o Maginnis Law, PLLC - (919) 526-0450 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| c/o Maginnis Law, PLLC – 4801 Glenwood Ave., Suite 310, Raleigh, NC 27612 | | 08.09.79 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Well Care Home Health, Inc. | 101-200 | 888.815.5310 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 6752 Parker Farm Drive, Suite 100 & 210, Wilmington, NC 28405 | | New Hanover |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Well Care Home Health of the Triangle, Inc. | 888.815.5310 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 8025 Creedmoor Road Ste. 200, Raleigh, NC 27613 | | Wake |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))   DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)   LATEST (ALL)

| | RACE | | COLOR | X | SEX | | RELIGION | | AGE | 10/31/2018 |
|---|---|---|---|---|---|---|---|---|---|---|
| X | RETALIATION | | NATIONAL ORIGIN | X | DISABILITY | X | OTHER (Pregnancy) | | CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I applied for a job at Well Care Home Health ("Well Care") and began working there on or about July 28, 2018 as a Clinical Care Coordinator. When my immediate supervisor (Ameila Platte) learned of my pregnancy on or about October 31, 2018, she exhibited outward signs of frustration in the workplace and initiated a discussion with another employee about replacing me. Additionally, since this was the week that my 90-day probation period at Well Care had ended, I was expecting to receive a formal evaluation, like other employees did, at this milestone. I never received my 90-day evaluation. On or about November 16, 2018, I attempted to make a formal complaint to HR/PI regarding Ms. Platte's hostility and treatment of me, which I believed was fueled by her resentment of and/or frustration with my pregnancy. I was rebuked and told not to make any formal complaint until HR/PI had a chance to speak directly with Brian Merck, the director of Well Care's Triangle Office. To the best of my knowledge, this conversation never happened and, in any event, no one from Well Care ever reached back out to me to let me know when an appropriate time would be for me to file a formal complaint. Then on November 19, 2018, I was given an ultimatum to either resign or extend my probation period. I opted to extend my probation period to avoid termination but believe that the initial failure to provide me with a 90-day evaluation and the ultimatum requiring me to extend the 90-day probation period were discriminatory acts based upon my pregnancy and/or opposition to workplace discrimination. On December 18, 2018, I went into to pre-term labor and had to go to the Emergency Department at Rex Hospital. I did not have the baby then and had a follow up appointment on December 21, 2018. After this appointment, I was given a note for my employer explaining my absence and a note that said I should not return to work until my follow up appointment on December 27, 2018. I was diagnosed with "preclampsia," a pregnancy related disability. I asked HR if I could work remotely. No one from HR responded to my request, but Ms. Platte eventually denied my request. I had a follow up appointment on December 27, 2018 and got another doctors' note. The note indicated that I was medically cleared to work remotely for the remainder of my pregnancy (6-8 weeks). I sent the note to HR around 4:20 p.m. and about two hours later Ms. Platte denied my request again.

The text of Ms. Platte's December 27, 2018 response is set out below.

> "Bonita,
> Per HR we can not authorize you working remotely. It is a maximum of 2 hours and it is at the discretion of management. You have exhausted your PTO. If you have questions, concerns or comments please direct them to myself [sic], Brian, or an HR representative."

The manner in which Well Care denied my request for a reasonable accommodation violates the ADA because Well Care failed to engage in an interactive dialogue regarding my request. Only two hours had passed between the time I submitted the request and the time it was denied. Since there was literally no back and forth between me and anyone from Well Care, I can only assume that their internal discussions surrounding my accommodation request did not address any alternative accommodation that might (1) satisfy my needs as a woman disabled by her third-trimester pregnancy and (2) still meet their needs as a large health care company, where a large percentage of its employees are women of child bearing age. (i.e. unpaid leave, light duty, etc.).

Then, just a few days later, on January 3, 2018, I was terminated via email by Lydia Aldana, an HR employee. The reason given for my termination was that my limitations due to my disability and my job description were in conflict. The relevant text of Aldana's termination email is set out below.

> "Bonita,
> I am reaching out to notify you that your employment with Well Care Home Health of the Triangle will end as of today, 01/03/2019. Your position does not allow work from home for more than 2 hours per day; unfortunately, due to the continued medical restrictions that have been set, the requirements of the Clinical Care Coordinator role cannot be performed. This decision is not reversible."

At all relevant times, I believe that I was meeting my employers' legitimate expectations. I had never received any kind of formal negative write up, and Well Care's internal metrics system generated reports which indicated I was performing satisfactorily. In light of all of these circumstances, I believe that the denial of my request for an accommodation, and my subsequent termination which occurred as a result, violated my civil rights because: (1) other Well Care employees with similar duties to my position (for example, Blair Borders Kemp) are permitted to work remotely full-time; (2) granting my request to work remotely for approximately 6-8 weeks before my baby was due would not prevent me from performing my essential functions, which I was still physically able to perform; and (3) granting my request to work remotely during this time would not impose an undue hardship on Well Care.

Based upon the foregoing, I believe that I was subjected to disparate treatment as a disabled pregnant woman, was not reasonably accommodated, and was retaliated against (through workplace hostility, an extended probationary period, denial of reasonable accommodations, and terminated) in violation of Title VII of the Civil Rights Act and/or the Americans with Disabilities Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>*Bonita S. We[ster]*<br>Bonita S. Wester<br><br>Date 3/7/19  Charging Party (Signature) | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br><br>(Day, month, and year) |