

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Raleigh Area Office**

434 Fayetteville Street, Suite 700
Raleigh, NC 27601-1701
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Raleigh Status Line: (866) 408-8075
Direct Dial: (919) 856-4064
TTY (919) 856-4296
FAX (919) 856-4151
Website: www.eeoc.gov

EEOC Charge Number: 433-2019-01276

Bonita Wester
c/o Maginnis Law, PLLC
4801 Glenwood Ave, Ste. 310
Raleigh, NC 27612

           Charging Party

WELL CARE HOME HEALTH OF THE TRIANGLE, INC.
8025 Creedmoor Road, Suite 200
Raleigh, NC 27613

           Respondent

## DETERMINATION

I issue the following determination as to the merits of this charge. Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"). Timeliness and all other requirements for coverage have been met.

Charging Party alleges Respondent denied her a reasonable accommodation for her pregnancy-related disability and discharged her, in violation of the ADA. Charging Party also alleges that her probationary period was extended because of her sex (pregnancy) and discharged because of her pregnancy and in retaliation for engaging in protected activity, in violation of Title VII.

Respondent denies Charging Party's allegations.

An examination of the evidence shows that at all relevant times, Charging Party was an individual with a disability as defined by the ADA. The evidence shows Charging Party could have performed the essential function of the Clinical Care Coordinator she held with a reasonable accommodation. Although Respondent was aware of Charging Party's disability and need for an accommodation, Respondent failed to accommodate Charging Party in the position of Clinical Care Coordinator. In the alternative, Respondent failed to provide a two-month leave (the remainder of Charging Party's pregnancy) as a reasonable accommodation. The evidence does not show that it would have been an undue hardship for Respondent to provide Charging Party with either one of the two accommodations. The evidence also shows that Charging Party's 90-day probationary period was extended upon Respondent's Manager learning of her pregnancy. Thus, the evidence shows Respondent failed to provide Charging Party with a reasonable accommodation and discharged her because of her pregnancy-related disability in violation of the

ADA and because of her sex in violation of Title VII.

Based on the above, I have determined that the evidence obtained during the investigation establishes violations of the statutes.

With regard to Charging Party's claim that her 90-day probationary period was extended and was discharged in retaliation for engaging in protected activity, there is insufficient evidence to establish a violation. This does not, however, certify that the Respondent is in compliance with the statute.

Upon finding there is reason to believe a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a resolution of the matter. The confidentiality provisions of Section 107 of the ADA and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to discuss settlement or when, for any reason, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

01/23/2020
Date

Thomas M. Colclough
Deputy District Director
Charlotte District Office

cc:
Garrett L. Davis
Maginnis Law, PLLC
4801 Glenwood Ave, Ste. 310
Raleigh, NC 27612

Edward S. Schenk, III
Williams Mullen
P.O. Box 1000
Raleigh, NC 27602