IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:20-cv-502

| | |
|---|---|
| BONITA WESTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **CONSENT PROTECTIVE ORDER** ) ) |
| WELL CARE HOME HEALTH OF THE TRIANGLE, INC. and WELL CARE HOME HEALTH, INC. | ) ) ) ) |
| Defendants. | ) ) |

**WHEREAS**, plaintiff and defendants have jointly moved for entry of this Consent Protective Order ("Order") to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, and protect certain materials designated as "Confidential," "Highly Confidential," or "Confidential – Attorneys' Eyes Only;" having shown good cause therefor, it is hereby **ORDERED** as follows:

1. <u>General Scope</u>.  This Order governs the use of all produced documents, deposition transcripts, and any other information, objects, or things which have been or will be produced or received by any party, non-party, or witness during proceedings in this action, as well as any copies, abstracts, digests, notes, and summaries thereof.  These materials are collectively referred to herein as "Discovery Materials."  Subject to the terms

of this Order, all Discovery Materials received shall be used in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose.

2. <u>Designation of Discovery Materials</u>. The producing party may designate as "Confidential," "Highly Confidential," or "Confidential – Attorneys Eyes Only" ("AEO") any Discovery Material which the person believes in good faith contains confidential information or information that is so sensitive or highly confidential that it should not be disclosed beyond outside legal counsel for the part(y/ies) receiving the Discovery Material. All Discovery Material so designated shall be treated as confidential and shall not be disclosed except as provided in this Order; provided, however, that the designating person may, in writing and without Court approval, agree to release any of the confidential information from the requirements of this Order. The parties agree to make reasonable efforts to use the Highly Confidential and Confidential – AEO designations sparingly.

3. <u>Procedure for Designation</u>. In the case of documents, the producing person shall mark the document with the word "Confidential," "Highly Confidential," or "Confidential – AEO." In the case of deposition transcripts and exhibits, the confidential portion of the transcript or exhibit shall be designated by notifying counsel for the parties in writing of the designation within 10 business days of receipt of the final deposition transcript. All deposition testimony shall be treated as Confidential until the expiration of this 10-day period. In the case of a response to an interrogatory, document request, or request for admission, the confidential portion of the response shall be designated by prefacing that portion with the word "Confidential," Highly Confidential," or "Confidential – AEO."

4. <u>Challenging Designation</u>. In the event any party disagrees with the designation of any Discovery Materials as Confidential, Highly Confidential, or Confidential – AEO, counsel shall attempt to resolve the dispute on an informal basis The Discovery Material will be treated as initially designated pending resolution of the dispute.

5. <u>Restricted Use of Discovery Materials Designated as Confidential</u>.

(a) Discovery Material designated as Confidential, Highly Confidential, or Confidential – AEO shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals under the following conditions:

(1) The Court and its personnel (including court reporters and videographers, engaged in depositions and such proceedings as are necessary to the preparation for hearings and trial of this action);

(2) A jury;

(3) Counsel for the parties, their staff members, their professional and para-professional employees who have a need to handle the material, individuals providing translation services on behalf of counsel, and contractors of counsel who are involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data;

(4) Unless designated Confidential – AEO, the parties, including agents and employees of the parties who have a need to know the information for purposes of this litigation except that parties may not retain a copy of documents designated as Highly Confidential, must not review such Highly Confidential documents outside the presence of counsel, must not take notes concerning the contents of Highly

3

Confidential materials, and must not discuss or disclose the contents of Highly Confidential materials with any other person;

(5) Any experts engaged by the parties regarding this action;

(6) Unless designated Confidential – AEO, persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

(7) Governmental, prosecutorial, and law enforcement authorities as authorized or required by law; or

(8) By mutual consent.

    (b)    If any entity or person subpoenas, orders production, or requests discovery of Discovery Materials marked Confidential, Highly Confidential, or Confidential – AEO that a party has received subject to this Order, the receiving party shall promptly notify the designating party of the subpoena, order, or discovery request and shall not produce the Discovery Materials until the designating party has had a reasonable time (at least ten (10) days) to object or take other appropriate steps to protect the information. Further, the party subpoenaed shall only produce such designated information (if at all) pursuant to a Protective Order entered by the Court presiding over the matter from which the subpoena was issued, with a corresponding confidentiality designation at least equivalent to its designation in this matter.

    6.    <u>Counsel's Communication with Client</u>.  Nothing in this Order shall preclude or impede counsel's ability to communicate with or advise his or her client based on his or

her review and evaluation of information designated as Confidential – AEO, provided that such communications or advice shall not disclose or reveal such information.

7. <u>Disclosure to Author or Recipient</u>. Notwithstanding any other provisions, nothing in this Order shall prohibit counsel for a party from disclosing a document or thing designated as Confidential, Highly Confidential, or Confidential – AEO to any person whom the document or thing clearly identifies as an author, addressee, or carbon copy or blank carbon copy recipient of such document or thing. Regardless of its designation, if a document or thing makes reference to the actual or alleged conduct or statements of a person, counsel may discuss such conduct or statements with such person, provided that such discussions do not directly or indirectly disclose or reveal any portion of the document or thing other than that which specifically refers to such conduct or statement. Nothing herein is intended to permit counsel to contact an employee of the other party or any other person who is represented by counsel.

8. <u>Acknowledgment of Order</u>. Any person, excluding counsel for the parties (and their para-professionals, legal assistants, partners, and associate attorneys) who will receive Discovery Materials designated as Confidential pursuant to Paragraph 5(a)(4)–(5)(a)(7) above must execute a form as is attached hereto as **Exhibit A** prior to the disclosure. Counsel shall keep a record of all persons to whom disclosures are made. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive Discovery Materials designated as Confidential, Highly Confidential, or Confidential – AEO above have knowledge of the terms of this Order and agree to be bound by them. Upon written request from one party, the party to whom the request is

5

Case 1:20-cv-00502-WO-LPA   Document 24   Filed 10/12/21   Page 5 of 11

made shall produce a true and accurate executed copy of **Exhibit A**, signed by the person to whom Discovery Materials were provided.

9. <u>Failure to Designate</u>. In the event a producing party produces Discovery Materials which should have been, but were not, designated Confidential, Highly Confidential, or Confidential – AEO, the producing party may designate such materials as Confidential, Highly Confidential, or Confidential – AEO by notifying counsel of the error and providing a replacement copy with the appropriate designation.

10. <u>Disclosure of Privileged Discovery Materials</u>. If a producing party discloses to a receiving party Discovery Materials that are privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. The party having returned such inadvertently produced Discovery Materials may thereafter seek production of any such documents, things, or information in accordance with the Rules of Civil Procedure and the Rules of Evidence. The privilege or protection is not waived by disclosure connected with this action pending before the Court.

11. <u>Use of Discovery Materials Designated as Confidential</u>. Nothing in this Order shall prevent the use by a party of Discovery Materials designated as Confidential, Highly Confidential, or Confidential – AEO in proceedings in this action, including motion papers, affidavits, briefs, deposition testimony, and other documents filed with the Court so long as confidentiality of such information is protected in accordance with this Order. Discovery Materials designated as Confidential, Highly Confidential, or Confidential –

AEO need not be filed with the Clerk of Court except when required in connection with motions under Rules 12 or 56 of the North Carolina Rules of Civil Procedure or other motions or matters pending before the Court where filing with the Court is reasonably necessary. If filed, they shall be filed under seal in accordance with the procedures set forth in Business Court Rule 5.2.

12. <u>Preservation of Rights</u>. None of the provisions of this Order shall:

(a) Prejudice the right of any party to object to discovery on other grounds;

(b) Operate as an admission by any party that any particular Discovery Material contains or reflects any confidential information; or

(c) Be construed as a restriction on the use or disclosure of the information in the Discovery Materials by the person who supplied the information, or otherwise limit the ability of a person to publicly disclose its own confidential information.

13. <u>Return of Discovery Materials</u>.

(a) Within ninety (90) days following the final termination of this case and any related appeals, Plaintiffs' counsel shall collect all copies of Discovery Materials produced and designated as Confidential, Highly Confidential, or Confidential – AEO by the Defendants. These copies shall be either destroyed or maintained by Plaintiffs' counsel in confidence consistent with the restrictions of this Order, which shall continue in full force and effect after the termination of this litigation.

(b) Within ninety (90) days following the final termination of this case and any related appeals, Defendants' counsel shall collect all copies of all Discovery Material produced and designated as Confidential, Highly Confidential, or Confidential – AEO by

Plaintiffs.  These copies shall be either destroyed or maintained by the Defendants' counsel in confidence consistent with the restrictions of this Order, which shall continue in full force and effect after the termination of this litigation.

14. <u>Modification</u>.  Any party may move the Court to modify this Order for good cause shown.

15. This Order is not intended to govern the use of Confidential, Highly Confidential, or Confidential – AEO information at any trial of this action.  Questions of the protection of such information during trial will be presented to the Court prior to or during trial as necessary.

16. <u>Effective Date and Survival</u>.  This Order shall become effective as a stipulation between the parties immediately upon the commencement of discovery, including informal voluntary document productions between the parties, notwithstanding the pendency of approval by the Court.  This Order shall survive the final adjudication of this action.  This Court shall retain continuing jurisdiction to enforce the terms of this Order.

IT IS SO ORDERED this 12th day of October, 2021

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Stipulated and consented to by:

| **MAGINNIS HOWARD** <br> *Counsel for Plaintiff* <br><br> */s/ Garrett L. Davis* <br> Edward H. Maginnis (NC Bar 39317) <br> Asa C. Edwards IV (NC Bar 46000) <br> Garrett L. Davis (NC Bar 52605) <br> 7706 Six Forks Rd. Ste. 101 <br> Raleigh, NC 27612 <br> Tel: 919.526.0450 <br> gdavis@maginnishoward.com | **WILLIAMS MULLEN** <br> *Counsel for Defendants* <br><br> */s/ Edward S. Schenk III* <br> Edward S. Schenk III <br> N.C. State Bar No. 32917 <br> 301 Fayetteville Street, Suite 1700 <br> Raleigh, NC 27601 <br> T 919.981.4303 <br> F 919.981.4300 <br> eschenk@williamsmullen.com |
|---|---|

# EXHIBIT A
## Agreement to be Bound

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:20-cv-502

| | |
|---|---|
| BONITA WESTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELL CARE HOME HEALTH OF )<br>THE TRIANGLE, INC. and WELL )<br>CARE HOME HEALTH, INC. )<br>)<br>Defendants. ) | **PROPOSED CONSENT PROTECTIVE ORDER** |

The undersigned has read the Consent Protective Order entered in this action, understands its terms, and agrees to abide by its terms. The undersigned specifically agrees that any Discovery Materials disclosed to her/him shall be used only for the prosecution or defense of this action, that no Discovery Materials will be disclosed by her/him other than to persons designated in the Consent Protective Order. The undersigned acknowledges that she/he is subject to the jurisdiction of the above-captioned Court.

This the _____ day of _____, _____.

_____
(Signature)

_____
(Print Name)